IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DISCOVER BANK,

                Plaintiff,

v.

WALTER BRANSON BENNETT,[2]

                Defendant.

OPINION and ORDER

14-cv-296-jdp[1]

---

Defendant Walter Branson Bennett has filed a notice of removal of a state court small claims action filed in the Dane County Circuit Court. In the underlying complaint, plaintiff Discover Bank sought money damages for defendant's unpaid credit card account; the balance, interest, and fees allegedly totaled $6447.03. Plaintiff has filed a motion to remand the case to state court. Defendant has filed a motion to strike portions of plaintiff's complaint and is attempting to bring counterclaims under the Truth in Lending Act and other federal statutes regulating banking and lending. After considering the parties' submissions, I conclude that the case must be remanded.

An action may be removed from state to federal court if the federal district court would have had original jurisdiction over the complaint had it been filed originally in the federal court. 28 U.S.C. § 1441. In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 15.

[2] The state-court case refers to defendant as "Branson Bennett." I have amended the caption to include defendant's full name.

(7th Cir. 1993); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a state law claim against a citizen of another state that amounts to more than $75,000. 28 U.S.C. § 1332. As the party seeking to invoke federal jurisdiction, defendant bears the burden of demonstrating that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529.

In its motion to remand, plaintiff argues that defendant has not shown that this court can exercise jurisdiction over the case. Plaintiff's complaint includes state-law causes of action for breach of contract, account stated, and unjust enrichment.[3]

Although defendant's submissions are somewhat difficult to follow, I understand him to be arguing that this court could have exercised federal question jurisdiction over the case. In both his notice of removal and brief in opposition to plaintiff's motion to remand, defendant argues that the action arises under several federal laws, such as the National Banking Act, the Credit Card Accountability Responsibility and Disclosure Act and Truth in Lending Act, but none of these laws are actually mentioned in the complaint, although they are mentioned in defendant's counterclaims. Defendant states that "[p]laintiff's use of the words Principal, interest and fees, calls into use of Regulation Z and TILA and 12 U.S.C. Sec. 85 and 86 and other Federal laws that supersede state law making a state law claim NOT RELEVANT," and cites to a United States Supreme Court case for the proposition that a plaintiff cannot defeat removal by failing to plead necessary federal questions in a complaint.

---

[3] Defendant attaches plaintiff's original complaint to his notice of removal, but it appears that plaintiff submitted an amended complaint before plaintiff attempted to remove the case. This distinction is irrelevant because the two complaints are virtually identical in substance.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 24 (1983). Thus I understand defendant to be arguing that this court can exercise federal question jurisdiction over the case because federal law "wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).

"Under the longstanding well-pleaded complaint rule, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("the plaintiff is the master of the complaint . . . [and] may, by eschewing claims based on federal law, choose to have the cause heard in state court."). However, a complaint purporting to rest on state law can be recharacterized as one arising under federal law if the law governing the complaint is exclusively federal. *Beneficial Nat. Bank*, 539 U.S. at 8 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable . . . .").

Unfortunately for defendant, the application of this doctrine to state-law contract or "account stated" claims brought by credit-card issuers such as plaintiff has been rejected by the Supreme Court. *Vaden*, 556 U.S. at 66 ("We conclude that the parties' actual controversy, here precipitated by Discover's state-court suit for the balance due on Vaden's account, is not amenable to federal-court adjudication."); *see also HSBC Bank Nevada, N.A. v. DeGeorge*, 2013 WL 4734099, at *3 (M.D. Fla. Sept. 3, 2013) ("That the credit card agreement merely states it is governed by federal law is not sufficient to invoke this Court's jurisdiction where plaintiff's complaint asserts only a state law cause of action and presents

no federal question."); *Citibank, N.A. v. Spartalian*, 2012 WL 3096731, at *2 (D. Nev. June 13, 2012) ("At the time of removal, plaintiff Citibank's complaint contained claims for (1) breach of credit card agreement and (2) unjust enrichment. Neither of these claims 'arise under' the Constitution, laws, or treaties of the United States."). Defendant's defenses or counterclaims for usury or under the Truth in Lending Act or other federal statutes do not factor into this analysis. *Vaden*, 556 U.S. at 60 (Defendant cannot base federal question jurisdiction on a defense or counterclaim). Accordingly, I will grant plaintiff's motion to remand the case to state court. Defendant's motion to strike portions of the complaint will be denied as moot.

## ORDER

IT IS ORDERED that

1. Plaintiff Discover Bank's motion to remand this case, Dkt. 14, is GRANTED. The case is REMANDED to the Dane County Circuit Court.

2. Defendant Walter Branson Bennett's motion to strike portions of the complaint, Dkt. 9, is DENIED as moot.

Entered this 20th day of June, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge